## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **KEVIN STRICKLAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 4:23-CV-313** |
| | ) | |
| **KANSAS CITY, MISSOURI BOARD** | ) | |
| **OF POLICE COMMISSIONERS,** | ) | |
| **through its individual members,** | ) | |
| **MARK TOLBERT, CATHY DEAN,** | ) | |
| **DAWN CRAMER, THOMAS** | ) | |
| **WHITTAKER, and QUINTON LUCAS,** | ) | |
| **in their official capacities as members of** | ) | |
| **the KANSAS CITY, MISSOURI** | ) | |
| **BOARD OF POLICE COMMISSIONERS,** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **Officers LARRY GILMER, GARY PARKER,** | ) | |
| **DAVID BARTON, DONALD HANTON, and** | ) | |
| **WILLIAM SCHWEITZER, in their** | ) | |
| **individual and official capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS BOARD OF POLICE COMMISSIONERS, BOARD MEMBERS, AND OFFICERS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COME NOW Defendants Kansas City, Missouri Board of Police Commissioners, through its individual members, Mark Tolbert, Cathy Dean, Dawn Cramer, Thomas Whittaker, and Quinton Lucas, in their official capacities as members of the Kansas City, Missouri Board of Police Commissioners, and Officers Larry Gilmer, Gary Parker, David Barton, and Donald Hanton, in their individual and official capacities, ("Defendants") and for their Answer and Affirmative Defenses to Plaintiff Kevin Strickland's ("Plaintiff") Complaint, state as follows:

1. Defendants admit that Plaintiff spent over four decades imprisoned for the April 25, 1978, murders committed at 6934 South Benton Avenue in Kansas City, Missouri. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 1; therefore, Defendants deny the remaining allegations therein.

2. Defendants deny the allegations in Paragraph 2.

3. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3; therefore, Defendants deny each allegation therein.

4. Defendants admit Douglas was the sole surviving victim and had been shot in the leg and slumped over as if dead; admit that Douglas knew and identified Bell and Adkins to the responding officers at the scene and admit that she had known Plaintiff for years. Defendants deny the remaining allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants deny the allegations in Paragraph 7.

8. Defendants deny the allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9.

10. Defendants deny the allegations in Paragraph 10.

11. Defendants admit Plaintiff's first trial ended in a hung jury but deny the remaining allegations in Paragraph 11.

12. Defendants admit Plaintiff was convicted at his second trial of one count of capital murder and two counts of second-degree murder and deny the remaining allegations in Paragraph 12.

13. Defendants deny that Douglas told multiple friends and family that she had falsely

identified Plaintiff at trial as a result of pressure from the police and deny the remaining allegations of Paragraph 13, as Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13.

14.      Defendants deny the allegations in Paragraph 14.

15.      Defendants admit the Jackson County Prosecuting Attorney ("JCPO") conducted a months-long review and issued a report, and are without sufficient knowledge or information as to the remaining allegations of Paragraph 15, and therefore deny the same.

16.      Defendants admit the allegations in Paragraph 16.

17.      Defendants deny the allegations in Paragraph 17.

18.      Defendants admit that the Jackson County Circuit Court, where the action was initially filed before removal, had jurisdiction, but state further that the case was properly removed pursuant to the Notice of Removal and authorities cited within, and otherwise deny the allegations in Paragraph 18 as moot.

19.      Defendants deny the allegations in Paragraph 19 as moot, as this case has been properly removed from state court to this Court.

20.      Defendants deny the allegations in Paragraph 20 as moot, as this case has been properly removed from state court to this Court.

21.      Defendants admit Plaintiff was released from prison in November of 2021, but are without sufficient knowledge or information as to the remaining allegations of Paragraph 21 and therefore deny the same.

22.      Defendants admit the allegations in Paragraph 22

23.      Defendants admit that Mark Tolbert, Cathy Dean, Dawn Cramer, Thomas Whittaker, and Quinton Lucas are members of the Kansas City, Missouri Board of Police

Commissioners (the "Board") and that the Board may be sued through its members in their official capacities. Defendants deny the remaining allegations in Paragraph 23.

24.     The information in Paragraph 24 contains legal conclusions requiring no response by Defendants, and to the extent a response is required, is denied.

25.     The information in Paragraph 25 contains legal conclusions requiring no response by Defendants, and to the extent a response is required, is denied.

26.     The information in Paragraph 26 contains legal conclusions requiring no response by Defendants, and to the extent a response is required, is denied.

27.     The information in Paragraph 27 contains legal conclusions requiring no response by Defendants, and to the extent a response is required, is denied.

28.     Defendant William Schweitzer is not represented by undersigned counsel therefore no response is required by Defendants. To the extent a response is required, the information in Paragraph 28 is denied.

29.     Defendants deny the allegations in Paragraph 29.

30.     Defendants admit that the underlying crimes occurred on April 25, 1978, at 6934 South Benton Avenue in Kansas City, Missouri. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 30; therefore, Defendants deny each allegation therein.

31.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31; therefore, Defendants deny each allegation therein.

32.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32; therefore, Defendants deny each allegation therein.

33.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33; therefore, Defendants deny each allegation therein

34.     Defendants admit Douglas was the sole surviving victim and had been shot in the leg and slumped over as if dead. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 34; therefore, Defendants deny each allegation therein.

35.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35; therefore, Defendants deny each allegation therein.

36.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36; therefore, Defendants deny each allegation therein.

37.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37; therefore, Defendants deny each allegation therein.

38.     Defendants deny the allegations in Paragraph 38.

39.     Defendants deny the allegations in Paragraph 39.

40.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40; therefore, Defendants deny each allegation therein.

41.     Defendants state that to the extent Paragraph 41 references the state court record or other legal documents, the documents speak for themselves. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 41; therefore, Defendants deny each allegation therein.

42.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42; therefore, Defendants deny each allegation therein.

43.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43; therefore, Defendants deny each allegation therein.

44.     Defendants admit the Plaintiff was released from incarceration after a hearing before the Jackson County Circuit Court, following a report and motion by the Jackson County Prosecuting Attorney ("JCPO"), and are without sufficient knowledge or information as to the remaining allegations of Paragraph 44, and therefore deny the same.

45.     Defendants admit that officers Gilmer, Parker, Barton, and Hanton were among the officers assigned to assist in the investigation of this case. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45; therefore, Defendants deny each allegation therein.

46.     Defendants deny the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49.

50.     Defendants deny the allegations in Paragraph 50.

51.     Defendants admit a bulletin was released for at least two assailants, Bell and Adkins. Defendants deny the remaining allegations in Paragraph 51.

52.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52; therefore, Defendants deny each allegation therein.

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54.

55.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55; therefore, Defendants deny each allegation therein.

56.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56; therefore, Defendants deny each allegation therein.

57.     Defendants deny the allegations in Paragraph 57.

58.     Defendants admit the allegations in Paragraph 58.

59.     Defendants admit the allegations Paragraph 59.

60.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60; therefore, Defendants deny each allegation therein.

61.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61; therefore, Defendants deny each allegation therein.

62.     Defendants deny the allegations in Paragraph 62.

63.     Defendants admit Plaintiff was arrested and deny the remaining allegations in Paragraph 63.

64.     Defendants deny the allegations in Paragraph 64.

65.     Defendants deny the allegations in Paragraph 65.

66.     Defendants deny the allegations in Paragraph 66.

67.     Defendants deny the allegations in Paragraph 67.

68.     Defendants deny the allegations in Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69.

70.     Defendants admit that Randy Harris told Cynthia Douglas that the assailant with the shotgun could be Plaintiff. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 70; therefore, Defendants deny each allegation therein.

71.     Defendants deny the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72.

73.     Defendants deny the allegations in Paragraph 73.

74.     Defendants deny the allegations in Paragraph 74.

75.     Defendants deny the allegations in Paragraph 75.

76.     Defendants deny the allegations in Paragraph 76.

77.     Defendants deny the allegations in Paragraph 77.

78.     Defendants deny the allegations in Paragraph 78.

79.     Defendants deny the allegations in Paragraph 79.

80.     Defendants deny the allegations in Paragraph 80.

81.     Defendants deny the allegations in Paragraph 81.

82.     Defendants admit that there was an in-person lineup including Strickland but lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 82.

83.     Defendants admit that Douglas identified Plaintiff from the lineup but deny the remaining allegations in Paragraph 83.

84.     Defendants deny the allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85.

86.     Defendants deny the allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87.

88.     Defendants deny the allegations in Paragraph 88.

89.     Defendants admit that Plaintiff was charged with capital murder, but Defendants deny the remaining allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

93. Defendants deny the allegations in Paragraph 93.

94. Defendants deny the allegations in Paragraph 94.'

95. Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96.

97. Defendants admit the allegations in Paragraph 97.

98. Defendants admit Plaintiff was convicted on April 26, 1979, of one count of capital murder and two counts of second-degree murder and deny the remaining allegations in Paragraph 98.

99. Defendants admit the allegations in paragraph 99.

100. Defendants deny the allegations in Paragraph 100.

101. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 101; therefore, Defendants deny each allegation therein.

102. Defendants admit the allegations in Paragraph 102.

103. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 103; therefore, Defendants deny each allegation therein.

104. Defendants state that to the extent Paragraph 104 quotes from a public court hearing, the transcript speaks for itself; as to the remaining allegations, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 104; therefore, Defendants deny the same.

105. Defendants deny the allegations in Paragraph 105.

106.     Defendants deny the allegations in Paragraph 106.

107.     Defendants deny the allegations in Paragraph 107.

108.     Defendants deny the allegations in Paragraph 108.

109.     Defendants deny the allegations in Paragraph 109.

110.     Defendants admit Douglas died and deny the remaining allegations in Paragraph 110.

111.     Defendants deny the allegations in Paragraph 111.

112.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 112; therefore, Defendants deny each allegation therein.

113.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 113; therefore, Defendants deny each allegation therein.

114.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 114; therefore, Defendants deny each allegation therein.

115.     Defendants admit that the Jackson County Prosecutor's Office issued a report on May 8, 2021 and sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 115; therefore, Defendants deny each allegation therein.

116.     Defendants admit the JCPO conducted a months-long review and issued a report that contains the quote in Paragraph 116.

117.     Defendants admit the JCPO issued a report and that the quoted material is included in the Report but are without sufficient knowledge or information as to the remaining allegations of Paragraph 117, and therefore deny the same.

118.     Defendants are without sufficient knowledge or information as to the remaining allegations of Paragraph 118, and therefore deny the same.

119.    Defendants are without sufficient knowledge or information as to the remaining allegations of Paragraph 119, and therefore deny the same.

120.    Defendants admit the JCPO filed a Motion to Set Aside the Judgment and deny the remaining allegations in Paragraph 120.

121.    Defendants admit there was a three-day evidentiary hearing in November 2021, and admit that the Jackson County Circuit Court set aside the conviction on November 23, 2021. Defendants are without sufficient knowledge or information as to the remaining allegations of Paragraph 121, and therefore deny the same.

122.    Defendants admit Plaintiff was released from custody on November 23, 2021, but are without sufficient knowledge or information as to the remaining allegations of Paragraph 122 and therefore deny the same.

123.    Defendants deny the allegations in Paragraph 123.

124.    Defendants deny the allegations in Paragraph 124.

125.    Defendants deny the allegations in Paragraph 125.

126.    Defendants are without sufficient knowledge or information as to the allegations of Paragraph 126, and therefore deny the same.

127.    Defendants deny the allegations in Paragraph 127.

128.    Defendants deny the allegations in Paragraph 128.

## COUNT I:

**42 U.S.C. § 1983 Deprivation of Liberty without Due Process of Law and Denial of a Fair Trial by Fabricating Evidence, Withholding Material Exculpatory and Impeachment Evidence, and Conducting a Reckless Investigation**

129.    Defendants incorporate by reference, as though fully set forth herein, Paragraphs 21-128 above.

130.     Defendants deny the allegations in Paragraph 130.

131.     Defendants deny the allegations in Paragraph 131.

132.     Defendants deny the allegations in Paragraph 132.

133.     Defendants deny the allegations in Paragraph 133.

134.     Defendants deny the allegations in Paragraph 134.

135.     Defendants deny the allegations in Paragraph 135.

136.     Defendants deny the allegations in Paragraph 136.

137.     Defendants deny the allegations in Paragraph 137.

138.     Defendants deny the allegations in Paragraph 138.

139.     Defendants deny the allegations in Paragraph 139.

140.     Defendants deny the allegations in Paragraph 140.

**COUNT II:**

**42 U.S.C. § 1983 Malicious Prosecution in Violation of the Fourth and Fifteenth Amendments Against Individual Defendant Officer**

Defendants have filed a Motion to Dismiss this Count II under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Therefore, Defendants will not Answer the paragraphs set out in this Count II at this time. If it is deemed that responses are required to the paragraphs in Count II, Defendant denies paragraphs 141-146. Please see Defendant's Motion to Dismiss and Memorandum in Support filed contemporaneously with this Answer for your reference.

WHEREFORE, Defendant respectfully requests that this Court dismiss Count II of Plaintiff's Complaint, for an award of costs and attorney's fees incurred herein, and for any other and further relief that this Court deems just and proper under the circumstances.

## COUNT III:
### 42 U.S.C. § 1983 Civil Rights Conspiracy

147.     Defendants incorporate by reference, as though fully set forth herein, Paragraphs 21-146 above.

148.     Defendants deny the allegations in Paragraph 148.

149.     Defendants deny the allegations in Paragraph 149.

150.     Defendants deny the allegations in Paragraph 150.

151.     Defendants deny the allegations in Paragraph 151.

## COUNT IV:
### 42 U.S.C. § 1983 Failure to Intervene

Defendants have filed a Motion to Dismiss this Count IV under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Therefore, Defendants will not Answer the paragraphs set out in this Count IV at this time. If it is deemed that responses are required to the paragraphs in Count IV, Defendant denies paragraphs 152-156. Please see Defendant's Motion to Dismiss and Memorandum in Support filed contemporaneously with this Answer for your reference.

WHEREFORE, Defendant respectfully requests that this Court dismiss Count IV of Plaintiff's Complaint, for an award of costs and attorney's fees incurred herein, and for any other and further relief that this Court deems just and proper under the circumstances.

## COUNT V:
### 42 U.S.C. § 1983 Municipal Liability

Defendants have filed a Motion to Dismiss this Count V under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Therefore, Defendants will not Answer the paragraphs set out in this Count V at this time. If it is deemed that responses are required to the paragraphs in Count V, Defendant denies paragraphs 156-163. Please

see Defendant's Motion to Dismiss and Memorandum in Support filed contemporaneously with this Answer for your reference.

WHEREFORE, Defendant respectfully requests that this Court dismiss Count V of Plaintiff's Complaint, for an award of costs and attorney's fees incurred herein, and for any other and further relief that this Court deems just and proper under the circumstances.

## COUNT VI:
## Malicious Prosecution Under Missouri State Law

164. Defendants incorporate by reference, as though fully set forth herein, Paragraphs 21-163 above.

165. Defendants deny the allegations in Paragraph 165.

166. Defendants deny the allegations in Paragraph 166.

167. Defendants deny the allegations in Paragraph 167.

168. Defendants deny the allegations in Paragraph 168.

169. Defendants deny the allegations in Paragraph 169.

## COUNT VII:
## Intentional Infliction of Emotional Distress Under Missouri State Law

Defendants have filed a Motion to Dismiss this Count VII under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Therefore, Defendants will not Answer the paragraphs set out in this Count VII at this time. If it is deemed that responses are required to the paragraphs in Count VII, Defendant denies paragraphs 170-174. Please see Defendant's Motion to Dismiss and Memorandum in Support filed contemporaneously with this Answer for your reference.

WHEREFORE, Defendant respectfully requests that this Court dismiss Count VII of Plaintiff's Complaint, for an award of costs and attorney's fees incurred herein, and for any other and further relief that this Court deems just and proper under the circumstances.

## COUNT VIII:
### Abuse of Process Under Missouri State Law

Defendants have filed a Motion to Dismiss this Count VIII under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Therefore, Defendants will not Answer the paragraphs set out in this Count VIII at this time. If it is deemed that responses are required to the paragraphs in Count VIII, Defendant denies paragraphs 175-178. Please see Defendant's Motion to Dismiss and Memorandum in Support filed contemporaneously with this Answer for your reference.

WHEREFORE, Defendant respectfully requests that this Court dismiss Count VIII of Plaintiff's Complaint, for an award of costs and attorney's fees incurred herein, and for any other and further relief that this Court deems just and proper under the circumstances.

## COUNT IX:
### Civil Conspiracy under Missouri State Law

Defendants have filed a Motion to Dismiss this Count IX under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Therefore, Defendants will not Answer the paragraphs set out in Count IX at this time. If it is deemed that responses are required to the paragraphs in Count IX, Defendant denies paragraphs 179-181. Please see Defendant's Motion to Dismiss and Memorandum in Support filed contemporaneously with this Answer for your reference.

WHEREFORE, Defendant respectfully requests that this Court dismiss Count IX of Plaintiff's Complaint, for an award of costs and attorney's fees incurred herein, and for any other and further relief that this Court deems just and proper under the circumstances.

## COUNT X:
## Respondeat Superior under Missouri State Law

Defendants have filed a Motion to Dismiss this Count X under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Therefore, Defendants will not Answer the paragraphs set out in Count X at this time. If it is deemed that responses are required to the paragraphs in Count X, Defendant denies paragraphs 182-185. Please see Defendant's Motion to Dismiss and Memorandum in Support filed contemporaneously with this Answer for your reference.

WHEREFORE, Defendant respectfully requests that this Court dismiss Count X of Plaintiff's Complaint, for an award of costs and attorney's fees incurred herein, and for any other and further relief that this Court deems just and proper under the circumstances.

## REQUEST FOR JURY TRIAL

Defendants request a jury trial on all matters so triable.

## AFFIRMATIVE DEFENSES

By way of further Answering and as affirmative defenses, Defendants state as follows:

1.    Plaintiff fails to state a claim upon which this Court may grant relief against each and every defendant.

2.    Plaintiff fails to state a claim upon which this Court may grant relief, in that Plaintiff fails to plead sufficient facts to show that the individual defendant's specific conduct violated Plaintiff's constitutional rights.

3.    Defendants deny each allegation in the Complaint that is not specifically admitted

herein.

4.    Plaintiff's claims under § 1983 against these Defendants in their individual capacities are barred by qualified immunity. These Defendants did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 232, (2009).

5.    Plaintiff's claims against the Kansas City Board of Police Commissioners through its members are barred by sovereign immunity.

6.    Plaintiff's claims against Defendants Gilmer, Parker, Barton, and Hanton in their official capacities are barred by sovereign immunity.

7.    Plaintiff's claims under 42 U.S.C. §1983 against Defendants Gilmer, Parker, Barton, and Hanton in their official capacities fail to state a claim upon which relief may be granted because these defendants in their official capacities are not "persons" and cannot be sued.

8.    Plaintiff's claims against Defendants are barred by official immunity in that Defendants acted in their discretion, in good faith, without malice, and reasonably in light of the established law.

9.    Plaintiff's claims against Defendants are barred by the public duty doctrine in that Defendants' duties were owed to the general public and did not run specifically to Plaintiff.

10.    All actions that these Defendants may have taken toward Plaintiff complied with all applicable laws.

11.    Plaintiff's injuries and damages, if any, were directly caused or directly contributed to by his own fault, negligence, or intentional acts, including his failure to divulge information and other evidence within his possession but unknown to Defendants.

12.    Plaintiff fails to state a claim because no act of Defendants in the investigation of

the April 25, 1978, murders committed at 6934 South Benton Avenue in Kansas City, Missouri was performed recklessly, and Defendants acted with objective reasonableness under the circumstances, such that their conduct was justified and privileged.

13.  Plaintiff fails to state a claim upon which the Court may grant relief because the investigation into the April 25, 1978, murders committed at 6934 South Benton Avenue in Kansas City, Missouri, disclosure of evidence and information related to such investigation, and Plaintiff's arrest, trial, and conviction for the murders were based upon reasonable investigation, reasonable suspicion, and probable cause.

14.  Plaintiff fails to state a claim upon which the Court may grant relief for withholding so-called exculpatory evidence, because all evidence allegedly withheld is either not material, cumulative, public information, available to Plaintiff through another source and reasonable diligence, or less exculpatory than evidence Plaintiff already had in his possession.

15.  Plaintiff's claims under 42 U.S.C. § 1983 and Missouri law for conspiracy fail to state a claim upon which the Court may grant relief because Plaintiff does not satisfy the pleading standard of specificity required for such claims.

16.  Plaintiff's claims based on the testimony of any Defendant at deposition or trial are barred because such testimony is absolutely privileged, and thus the Defendants have witness immunity for any such testimony.

17.  Plaintiff fails to state a claim upon which the Court may grant relief in that Plaintiff's arrest and prosecution was based upon probable cause and were pursuant to a warrant duly issued upon a judicial finding of probable cause.

18.  To the extent Plaintiff's constitutional claims against Defendants under 42 U.S.C. § 1983 are based upon vicarious liability or *respondeat superior*, such allegations fail to state a

claim on which relief may be granted and should be dismissed.

19.    To the extent the acts or omissions of third persons caused or contributed to cause Plaintiff's damages, these Defendants are not liable or are entitled to an allocation of fault with those third persons.

20.    Plaintiff fails to state a claim upon which relief may be granted because no actions of Defendants were the proximate cause of any alleged injury to Plaintiff.

21.    If Plaintiff has entered into a settlement agreement and/or obtained money in connection with a settlement or compromise of the claims or theories of recovery involving the incident and/or events at issue in this lawsuit, Defendants are entitled to a set-off, credit, and/or reduction of any judgment or award entered against him in this matter.

22.    Plaintiff's claims are barred by the applicable statute of limitations.

23.    Plaintiff's claims for false arrest under Missouri law is barred by the applicable statute of limitations in Mo. Rev. Stat. § 516.140.

24.    Plaintiff's claims for abuse of process under Missouri law are barred by the applicable statute of limitations in Mo. Rev. Stat. § 516.120.

25.    Plaintiff's claims for malicious prosecution under 42 U.S.C. §1983 and Missouri law are barred because Defendants relied on the advice of the prosecuting attorney.

26.    Plaintiff fails to state a claim for malicious prosecution under 42 U.S.C. § 1983 or Missouri law because the underlying matter did not terminate in his favor.

27.    Plaintiff's claims for punitive damages against these Defendants in their official capacities fail because such claims are barred by state and federal law in that punitive damages cannot be recovered against a governmental body or entity. To the extent Defendants are being sued for tort claims under state law, punitive damages against governmental entities are

prohibited and/or barred by Mo. Rev. Stat. § 537.610.

28. Plaintiff's claim for punitive damages fail because they do not state a claim upon which this Court may grant relief in that Plaintiff has not alleged facts specific to each individual defendant to establish outrageous, willful, wanton, and malicious conduct. Any submission or argument regarding punitive damages should be disallowed because such would exceed the scope of any well-pleaded facts.

29. Any award of punitive damages would violate these Defendants' Due Process rights.

30. An award for punitive damages against the Board or the individual Defendants in their official capacities is barred by sovereign immunity.

31. These Defendants incorporate by reference each and every other affirmative defense that may be uncovered or made known during the investigation and discovery of this case.

32. Defendants specifically reserve the right to amend this answer to include additional affirmative defenses after they are discovered.

Respectfully submitted,

**GRAVES GARRETT LLC**

By: */s/ Nathan F. Garrett*
    Nathan F. Garrett, Mo. #46500
    Lucinda H. Luetkemeyer, Mo. #63983
    George R. Lewis, Mo. #64990
    1100 Main Street, Suite 2700
    Kansas City, MO 64105
    Telephone: (816) 256-3181
    ngarrett@gravesgarrett.com
    lluetkemeye@gravesgarrett.com
    glewis@gravesgarrett.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2023, a true and correct copy of the foregoing Answer was filed via the ECF system, and made available electronically, to the following persons who are counsel for Plaintiff:

Robert J. Hoffman
Logan M. Rutherford
Tyler Briggs
BRYAN CAVE LEIGHTON PAISNER
One Kansas City Place
1200 Main Street, Suite 3800
Kansas City, MO 64105
rjhoffman@bclplaw.com
logan.rutherford@bclplaw.com
tj.briggs@bclplaw.com

Nick Brustin (*pro hac forthcoming*)
Amelia Green (*pro hac forthcoming*)
Tony Joe (*pro hac forthcoming*)
Owanaemi Briggs (*pro hac forthcoming*)
NUEFELD SCHECK & BRUSTIN, LLP
99 Judson Street, 8th Floor
New York, NY 10013
nick@nsbcivilrights.com
amelia@nsbcivilrights.com
emi@nsbcivilrights.com
tony@nsbcivilrights.com

*/s/ Nathan F. Garrett*
Attorney for Defendants