IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KEVIN STRICKLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-00313-DGK |
| ) | |
| KANSAS CITY, MISSOURI BOARD ) | |
| OF POLICE COMMISSIONERS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S
SUPPLEMENTAL EXPERT REPORT**

This lawsuit is brought under 42 U.S.C. § 1983 by Plaintiff Kevin Strickland against the Kansas City, Missouri, Board of Police Commissioners and five Kansas City police officers for the alleged unconstitutional conduct that resulted in his wrongful conviction.

Now before the Court is Defendants' motion to strike as untimely and improper the supplemental report of Plaintiff's expert witness, Russell Fisher, pursuant to Federal Rule of Civil Procedure 37(c)(1). ECF No. 130. For the following reasons, the motion is DENIED.[1]

**Background**

Plaintiff filed this lawsuit on May 8, 2023. Given the volume of discovery in this case, the Court has granted multiple extensions of time and amended its original scheduling order twice. ECF Nos. 30, 69, 121. The following deadlines are relevant here.

Plaintiff's expert designations were due on April 5, 2024, and any such expert was to be deposed before April 26, 2024. ECF No. 69. On April 5, 2024, Plaintiff served his expert

---

[1] In ruling on this motion, the Court did not wait for Defendants' reply given the impending scheduling order deadlines.

disclosure, which included the initial report of his police practices expert, Russ Fisher. ECF No. 97. Defendants did not depose Fischer.

Discovery closed on May 23, 2024. That same day, the parties jointly requested an extension of time to file Daubert motions and dispositive motions to accommodate four depositions that needed to occur after the discovery deadline (these four depositions are irrelevant to the present dispute). ECF No. 118. The parties specifically indicated they were not requesting an extension of the discovery deadline. *Id.* The Court granted the request and noted all discovery, minus the four remaining depositions, was closed. ECF No. 121.

On June 21, 2024, Plaintiff issued Fischer's supplemental report (the "Supplemental Report"). ECF No. 131-1. The Supplemental Report is 2.5 pages long, and the revisions are made based on three third-party deposition transcripts that Fischer states were not available to him at the time of his initial report dated April 5, 2024. The relevant deposition transcripts are those of Pete Edlund (deposed on April 3); Alfred Gordon (deposed on May 13); and Bridgett Gordon (deposed on May 13). Pete Edlund was a KCPD homicide detective who investigated the 1978 triple homicide. Alfred and Bridgett Gordon were both interviewed by the KCPD during the triple homicide investigation.

According to Plaintiff, Alfred and Bridgett Gordon's deposition transcripts were not available until May 23, the day discovery closed. *See* Suggestions in Opp'n at 5, ECF No. 140. Plaintiff does not specify exactly when Pete Edlund's deposition transcript was available, only that it "was not available until *after* Plaintiff's expert deadline." *Id.* at 5 n.2.

On June 25, 2024, Defendants filed the present motion to strike the Supplemental Report. ECF No. 130.

**Discussion**

Defendants move to strike the Supplemental Report, arguing it contains new opinions untimely disclosed in violation of Rule 26(e). Plaintiff argues the Supplemental Report complies with Rule 26(e), as it does not contain new opinions, but rather outlines new factual support (from three new deposition transcripts) for the opinions previously disclosed in his initial report. The Court agrees with Plaintiff.

Rule 26(e)(1) provides that "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" For an expert witness, "the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition," and "[a]ny additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2).

"The duty to supplement [an expert report] arises when the expert subsequently learns of information that was previously unknown or unavailable, and the new information renders the earlier report incomplete or inaccurate." *McClurg v. Mallinckrodt, Inc.*, No. 4:12-CV-00361-AGF, 2017 WL 3116138, at *3 (E.D. Mo. July 21, 2017) (quotation omitted). However, Rule 26(e) does not provide a vehicle for parties to merely "revise or change its disclosures," "to bolster an expert's opinion," or "to present entirely new theories." *In re Ahern Rentals, Inc., Trade Secret Litig.*, No. 20-02945-MD-C-BP, 2023 WL 9895102, at *4 (W.D. Mo. Nov. 15, 2023).

Here, the parties' pretrial disclosures under Rule 26(a)(3) are not yet due, so the issue is whether the Supplemental Report contains "entirely new opinions" as Defendants allege or rather

newly discovered information that merely "completes" the initial report. Defendants fail to provide specific examples of how the Supplemental Report provides "entirely new opinions," and the Court finds none. Both reports opine on whether officers deviated from minimally acceptable police practices during the homicide investigation. The Supplemental Report merely considers Alfred and Bridgett Gordon and Pete Edlund's version of events in opining on the same. *See McClurg*, 2017 WL 3116138, at *3 (allowing expert supplementation where plaintiff represented the supplementation will not alter the expert's underlying methodology).

Defendants also take issue with the fact the Supplemental Report was disclosed after the discovery deadline passed and after Defendants' deadline to depose Fisher. While the timing is not ideal, Plaintiff maintains two of the three deposition transcripts were not available until the day discovery closed, making it impossible to provide the Supplemental Report beforehand. Plaintiff also represents Defendants have never attempted to take Fisher's deposition to date.[2]

Finding supplementation will best serve the purposes of Rule 26, Defendants' motion is DENIED.

To ensure Defendants are not disadvantaged in any way, however, the Court will permit Defendants to depose Fisher out of time. If Defendants chose, they may depose Fisher on or before August 2, 2024. Plaintiff shall ensure Fisher is available for deposition during this time.

The Court recognizes this extension may interfere with the current dispositive motion deadlines. ECF No. 134 (motions due July 19; responses due August 16; replies due September 6). So, on its own motion, the Court extends all dispositive motions deadlines by two weeks. The following deadlines now apply: Dispositive motions are due on or before August 2, 2024.

---

[2] On the subject of timing, the Court finds it peculiar that Defendants filed this motion when their own police practices expert, Steve Ijames, disclosed his supplemental expert report on June 24, 2024—three days after Fisher's Supplemental Report and one month after the close of discovery. ECF No. 129.

4

Responses are due on or before August 30, 2024.  Replies are due on or before September 20, 2024.  The Court will not extend these deadlines further given the pretrial conference is quickly approaching.

    **IT IS SO ORDERED.**

Date:  July 19, 2024　　　　　　　　　　/s/ Greg Kays　　　　　　　　　　
                                                      GREG KAYS, JUDGE
                                                      UNITED STATES DISTRICT COURT